IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| | : | NO. 12-93-1 |
| v. | : | |
| | : | CIVIL ACTION |
| ALEXIS VELAZQUEZ | : | NO. 17-2090 |
| | : | |

**Goldberg, J.**                                                                                        **October 31, 2018**

## MEMORANDUM

Petitioner Alexis Velazquez moves to set aside his conviction for possession of a firearm, 18 U.S.C. § 922(g)(1), and to correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner was sentenced to a mandatory minimum of fifteen years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). His current Petition for Writ of Habeas Corpus challenges his ACCA status and requests that his sentence be vacated. For the following reasons, I will deny Petitioner's Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On July 11, 2012, the United States Attorney's Office filed an Information pursuant to 21 U.S.C. § 851[1] regarding Petitioner's prior felony drug convictions. This Information stated:

> 1.      On or about April 20, 1995, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Alexis Velasquez was sentenced to three years of probation following his conviction for a felony controlled substance violation, that is, manufacturing, delivering, or possessing with intent to deliver a controlled

---

[1]      Under 21 U.S.C. § 851, "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless, before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." Id.

>     substance (heroin), on Common Pleas Docket No. CP-51-
>     0402911-1995, arising from a February 14, 1995 arrest by the
>     Philadelphia Police for violation of 35 Pa.C.S.A. § 113(A30), a
>     felony under the laws of the Commonwealth of Pennsylvania.

(Information, ECF No. 67.)

On August 22, 2012, the grand jury returned a superseding indictment charging Petitioner with one count of conspiracy to distribute cocaine, 21 U.S.C. § 846 (Count I); one count of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (Count II); one count of distribution of cocaine, 21 U.S.C. § 841(a)(1) (Count III); one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (Count IV); and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (Count V).

On July 19, 2013, the Honorable Lawrence F. Stengel, who was originally assigned this case, held a hearing to consider Petitioner's request for new counsel based on his belief that the § 851 Information had been improperly filed and that the § 924(c) count (Count IV) should have been withdrawn. Petitioner's view was that despite his explicit request that counsel challenge the applicability of the § 851 enhancement, counsel refused, insisted that Petitioner qualified for the enhancement, and advised him to plead guilty. The Government explained that, in plea negotiations, Petitioner's counsel had convinced the Government to withdraw the § 851 Information. The Government also noted that if Petitioner went to trial, the § 851 Information would not be withdrawn, possibly subjecting Petitioner to a twenty-five year minimum sentence. After this discussion, Petitioner indicated that he preferred to keep his counsel and that he intended to plead guilty.

On July 23, 2013, Petitioner signed a Guilty Plea Agreement as to Counts One, Three, Four, and Five of the Superseding Indictment. As part of the Agreement, the Government agreed to withdraw the previously filed Information pursuant to 21 U.S.C. § 851, thus reducing

2

Petitioner's mandatory minimum term of imprisonment on both Counts One and Three from twenty years to ten years. (Id.) At the subsequent sentencing hearing on December 21, 2015, Judge Stengel sentenced Petitioner to 120 months' imprisonment on Counts I, III, and V (drug trafficking violations) and sixty months' imprisonment on Count IV (possession of a firearm in furtherance of a drug trafficking crime) for a total imprisonment term of 180 months.

Petitioner filed a notice of appeal from his final judgment on January 6, 2016 and, on May 25, 2016, the Third Circuit dismissed the appeal.

Petitioner filed the current counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 on April 27, 2017. The Government responded on May 25, 2017, and Petitioner submitted both a reply brief and a supplemental brief. On September 13, 2018, this matter was reassigned to my docket.

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255. See Morelli v. United States, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). This provision reads, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under this statutory framework, a federal prisoner shall be released from custody if the sentence "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or

(4) is otherwise subject to collateral attack." Morelli v. U.S., 285 F. Supp. 2d 454, 458 (D.N.J. 2003) (citing 28 U.S.C. § 2255). To establish a right to habeas corpus relief, a prisoner must demonstrate that the sentence has a "fundamental defect" resulting in a "complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989).

## III. DISCUSSION

Petitioner brings three separate arguments in support of his request for habeas relief. First, he alleges that his counsel was ineffective for failing to request relief from the mandatory minimum sentence under the safety valve of 18 U.S.C. § 3553(f). Second, he posits that his counsel was ineffective for failing to provide enough information so that he could make an informed choice regarding whether to plead guilty or stand trial. Finally, Petitioner asserts that his conviction and sentence are both in violation of the Due Process Clause of the Fifth Amendment.

### A. **Ineffective Assistance of Counsel Claims**

#### 1. Standard for Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are governed by the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668 (1984) and its progeny. See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (acknowledging Strickland as the controlling authority). Under the first Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688, 690. This prong involves two separate inquiries. First, because "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," a

court must look into the substantive merit of the alleged failure. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Vas, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017). Second, if the argument that was not raised by counsel has merit, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689.

Under the second Strickland prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's error the result would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. To sustain a plausible ineffective assistance of counsel claim, a petitioner must establish that the attorney's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. See Wells v. Petsock, 941 F.2d 253, 259–60 (3d Cir. 1991).

2. Failure to Request Relief from the Mandatory Minimum Under the Safety Valve

Petitioner's first claim challenges the validity of his guilty plea to possession of a firearm in furtherance of a drug trafficking crime pursuant to § 924(c)(1)(A). Petitioner contends that, although that crime carries with it a mandatory minimum sentence, he met all the elements of the safety valve of 18 U.S.C. § 3553(f), meaning he was eligible for relief from the mandatory minimum. He asserts that, at sentencing, his counsel failed to argue that the safety valve applied. According to Plaintiff, this failure amounted to ineffective assistance of counsel.

Under 18 U.S.C. § 924(c)(1)(A), "[a]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a

5

firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years." Id.

In certain cases involving drug offenses, however, the Sentencing Guidelines provide a limitation on the applicability of the statutory minimum sentence. 18 U.S.C. § 3553(f) states:

> Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) set forth below:
>
> (1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3)  the offense did not result in death or serious bodily injury to any person;
>
> (4)  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5)  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Id. "A defendant bears the burden of establishing by a preponderance of the evidence that each of the safety valve criteria apply in his case." United States v. Emmanuel, 501 F. App'x 209, 213 (3d Cir. 2012).

Here, it is not disputed that elements one, three, four, and five of the safety valve are satisfied. Thus, the sole question is whether Petitioner could have shown, in satisfaction of element two, that he "did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense. 18 U.S.C. § 3553(f)(2). Petitioner contends that his guilty plea to possession of a firearm "in furtherance" of a drug trafficking crime is not synonymous with "in connection with" a drug trafficking crime. He thus urges that counsel should have at least argued for application of the safety valve, which would have afforded him the possibility of relief from the mandatory minimum.

Petitioner's argument is meritless. At the plea hearing, the Government explained that the factual basis of the § 924(c) charge involved Defendant's agreement with a co-conspirator to transport multiple kilograms of cocaine to Philadelphia for sale to his customers. During the execution of that agreement, Defendant was arrested driving a Dodge Durango that contained twelve kilograms of the cocaine together with a handgun loaded with nine live rounds of ammunition. (N.T. 7/22/13, 20–22.) Petitioner conceded, at the plea hearing, that these facts were true. (N.T. 7/22/13, 16–17, 23.) Petitioner then pled guilty to possession of a firearm "in furtherance" of a drug trafficking crime. (N.T. 7/22/13, 25.)

In pleading guilty to this offense, Petitioner expressly admitted that he possessed the firearm to advance or promote the drug trafficking offense. United States v. Bobb, 471 F.3d 491, 496 (3d Cir. 2006); see also United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004) (holding that "in furtherance" means that "possession of the firearm advanced or helped forward a drug

7

trafficking crime"). Petitioner cites no cases—and I can find none—that hold that the "in connection with" language of the safety valve is narrower than the "in furtherance" language of § 924(c). Quite to the contrary, courts have repeatedly held that a defendant's mere awareness of a loaded weapon's presence in the vicinity of a drug trafficking offense satisfies the "in connection" language. See, e.g., United States v. Carillo-Ayala, 713 F.3d 82, 92 (11th Cir. 2013) ("A firearm found in close proximity to drugs or drug-related items simply 'has'—without any requirement for additional evidence—the potential to facilitate the drug offense" and thus has a "connection" to the drug offense.); United States v. Jackson, 552 F.3d 908, 911 (8th Cir. 2009) (holding that defendant's knowledge that a gun was in his bedroom and connected to the 122 grams of crack found in that room was sufficient to disqualify him from safety valve relief); United States v. DeJesus, 219 F.3d 117, 122 (2d Cir. 2000) (finding the "in connection with the offense language" of the safety value is equivalent to the "in relation to" language of 18 U.S.C. § 924(c)(1) and, as with that statute, the safety valve is satisfied "when the government establishes, by a preponderance of the evidence, that the firearm 'served some purpose with respect to' the offense.") (quotations omitted); United States v. Hallum, 103 F.3d 87, 89–90 (10th Cir. 1996) (holding that defendant's rifle, found in vehicle parked 200–300 yards from marijuana patch, was possessed "in connection with the offense," thus precluding operation of safety valve, notwithstanding defendant's testimony that he brought the rifle to the scene to shoot snakes; the rifle's proximity and its potential to facilitate the offense was enough to prevent qualification for the safety valve).

As any argument in support of application of the safety valve would have been meritless, counsel cannot be ineffective for failing to raise this issue. See Sanders, 165 F.3d at 253

(holding that counsel cannot be ineffective for failing to raise a meritless claim). Accordingly, I will deny habeas corpus relief on this ground.

2. Failure to Give Petitioner Enough Information to Make an Informed Choice Regarding Whether to Plead Guilty

Petitioner's second ineffectiveness claim contends that sentencing counsel failed to raise an appropriate and timely objection to the § 851 Information, which, had it not been withdrawn as part of the plea negotiations, would have doubled the mandatory minimum. Specifically, Plaintiff argues that his 1995 Pennsylvania conviction in the Information was based on a divisible Pennsylvania Statute—35 Pa.C.S. § 780-113(a)(30)—meaning that it prohibited both the trafficking of controlled substances, which was a felony under federal law, as well as the trafficking of counterfeit substances, which was not a felony under federal law. Defendant posits that had his counsel required the government to produce the underlying Shepard documents,[2] counsel could have established that the crime to which Petitioner pled guilty in 1995 did not satisfy the requirements for a federal felony because "[t]he crime could well have involved a counterfeit substance prohibited by state law but not by federal law." (Pet.'s Mem. Supp. Habeas Pet. 9.) In turn, Petitioner urges that had he succeeded in proving that the § 851 Information was invalid, he may have either chosen to stand trial or negotiated a better plea deal.

This argument fails under Strickland for two primary reasons. First, counsel's performance did not fall below an objective standard of reasonableness. Petitioner speculates that his 1995 crime *could* have involved counterfeit substances and, thus, would not have been a felony that called for any sentencing enhancement. Petitioner's argument, however, is belied by

---

[2] Shepard documents are documents "beyond the face of the statute [consisting of] the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." U.S. v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

9

his own statements. At the plea hearing, the Government indicated that its evidence would include a copy of Petitioner's 1995 conviction in state court for distribution of heroin. (N.T. 7/22/13, 23.) Immediately after this proffer, the Court asked Petitioner whether these facts were true, and he indicated that they were accurate. Moreover, the pre-sentence investigation report submitted just prior to sentencing included a paragraph indicating that Petitioner's 1995 conviction involved the sale of heroin. At the sentencing hearing, Petitioner, through his counsel stated that he had reviewed the pre-sentence report and found it to be accurate. (N.T. 12/21/15, 5–6.) Having expressly admitted that the prior conviction involved the sale of heroin, Plaintiff cannot now allege that the § 851 Information was invalid.

Second, as noted above, it is well established under Strickland that counsel is presumed to be effective. Strickland, 466 U.S. at 690–91; see also Wiggins v. Smith, 539 U.S. 510, 521–22 (2003). A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quotations omitted). To overcome that presumption, "a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel or, (2) that the actions could never be considered part of a sound strategy." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005). This test tasks the district court with assessing "counsel's reasonableness . . . on the facts of the particular case, viewed as of the time of counsel's conduct." Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005). Judicial scrutiny must be "highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689.

Here, in lieu of objecting to the § 851 Information, Petitioner's counsel negotiated a plea deal in which the Government withdrew the Information, thus reducing Defendant's mandatory

minimum to ten years. Had Petitioner opted to go to trial, the Government would not have withdrawn the Information and Petitioner would have faced a twenty-five year mandatory minimum. And Petitioner has not alleged that he informed his attorney that his 1995 conviction was premised on involvement with anything other than a controlled substance.[3] As such, based on the facts available to counsel at the time, counsel had no reason to believe that any challenge to the Information would have been successful. To hold otherwise—that Petitioner *may* have gotten a better sentence had counsel challenged the Information and proceeded to trial—would constitute an improper review of counsel's contact with the "distorting effects of hindsight."

Accordingly, I do not find that Petitioner's second ineffective assistance of counsel claim warrants habeas relief.

### B. Whether the Conviction Was Obtained and Sentence Imposed in Violation of the Due Process Clause of the Fifth Amendment

Petitioner's last ground for habeas relief alleges that "the plea was not knowing, intelligent, and voluntary because it was based on a misinterpretation of the law or a mutual mistake of fact. United States v. Bradley, 381 F.3d 641 (7th Cir. 2004), United States v. Hernandez-Wilson, 186 F.3d 1 (1st Cir. 1999) (mutual mistake in connection with safety valve eligibility)." (Pet.'s Mem. Supp. Habeas Corpus Pet. 10.)

---

[3] Petitioner argues only that he told his lawyer that, back in 1995, a violation of 35 Pa.C.S. § 780-113(a)(3) was a misdemeanor under Pennsylvania law and he did not understand that a sentence for a state drug offense would be viewed by federal law as a felony drug offense if it carried a sentence of more than one year. (Pet.'s Reply Br. 2.) Petitioner never purports to have told his lawyer that the § 851 Information was invalid because his 1995 conviction involved dealing in counterfeit substances which was not classified as a felony drug offense.

11

Petitioner provides no further elaboration on this claim.[4] To the extent Petitioner alleges that his plea was invalid due to his misunderstanding regarding the safety valve, this claim fails. As noted above, by pleading guilty to the § 924(c), Petitioner affirmatively rendered himself ineligible for the safety valve. To the extent Petitioner alleges that his plea was invalid because the Information was invalid, Petitioner has failed to put forth any allegations, let alone evidence, to show that any challenge to that Information would have been successful. Therefore, I will deny relief on this habeas claim.

## IV.  CONCLUSION

In light of the foregoing, I find no basis for granting federal habeas relief. Accordingly, I will deny Petitioner's Petition for Writ of Habeas Corpus in its entirety.

---

[4] The cases cited by Petitioner are not factually analogous to the present case. See Bradley, 381 F.3d at 646–47 (allowing withdrawal of guilty plea where defendant did not fully understand the nature of the charge to which he admitted guilt; drug trafficking crime was never discussed at change of plea hearing); Hernandez-Wilson, 186 F.3d at 6 (allowing withdrawal of guilty plea where the court misled defendant to believe he was eligible for the safety valve).